## Thomas B. Cato v. Dennis Gordon.

Tax Assessment. *Approval thereof after prescribed time. Return of roll by collector.*

An assessment roll, though invalid because the approval thereof by the board of supervisors was made at an unauthorized meeting, if filed in the proper office, at the proper time, and not objected to, ample time for objection having elapsed, becomes valid where, under § 513, Code of 1880, which provides "that the collector shall assess and collect taxes on all land liable to taxation left unassessed by the assessor, and report such additional assessment to the board of supervisors," the tax collector afterward certifies such assessment roll to the board of supervisors as an assessment made by him

of lands left unassessed, and the board, at a legal meeting, receives and approves it. And this result is independent of the question whether the collector was authorized by the statute quoted to present such assessment roll as an "additional assessment."

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

In April, 1882, Thomas B. Cato, claiming a certain tract of land by virtue of a tax-title derived from the State in 1877, brought an action of ejectment against Dennis Gordon for the same. In the circuit court the judgment was for the defendant, but on appeal to this court it was reversed and the case remanded for a new trial. On this, the new trial, Gordon set up a tax-title obtained by him through one Barlow. The tax-deed to Barlow was dated March 8, 1882, and the title conveyed was based upon a sale made on that day for the delinquent taxes of 1881. The plaintiff objected to this deed on the ground that the assessment which authorized the sale of the land of which the deed was evidence was invalid. The facts in relation to this assessment are fully stated in the opinion of the court. The court below held that the tax-title of the defendant was good, and rendered judgment for him. The plaintiff appealed.

*L. B. Harris*, for the appellant.

The defendant relies for outstanding title upon the tax-deed to Barlow of March 8, 1882. The validity of that title, depending upon the assessment of 1879 and the action of the board of supervisors, cannot be maintained, because the board never approved the roll, but ordered that the roll " as passed upon be received and filed." *Davis* v. *Vanarsdale,* 59 Miss. 367. Besides, this entry was made on the 11th day of August, at an adjourned meeting not authorized by law. *Wolfe* v. *Murphy,* 60 Miss. 1; *Smith* v. *Nelson,* 57 Miss. 138.

The action of the tax collector in certifying and adopting the assessment roll returned by the assessor as an additional assessment was without warrant of law and nugatory.

*H. B. Mayes*, for the appellee.

The deed to Barlow is valid. The assessment which authorized

the sale was complete, certified, and delivered to the clerk of the Board of Supervisors of Copiah County on the first Monday of July, 1879, and remained in the office until the first Monday in August following, when said board held a meeting at the court-house to hear objections of any person dissatisfied with said assessment who had filed objections in writing thereto. No objections were filed, by which default plaintiff is "concluded by said assessment, and forever estopped and barred from denying the validity or correctness thereof." See §§ 26 and 27, "An Act in relation to Public Revenue," pages 37 and 38, Acts 1878.

It also appears in the testimony that the collector pursued the directions of § 531, Rev. Code 1880, and left the deed to Barlow on the files in the office of the chancery clerk, on the 12th of March, 1882, the date of acknowledgment.

There is no sufficient proof of non-compliance by the clerk with § 2153 of Code of 1880 to rebut the *prima facie* case of title made by Barlow's deed, if an omission to certify the county tax would have that effect, for there is no evidence that the clerk did not certify the tax to the collector.

CAMPBELL, J., delivered the opinion of the court.

The action of the board of supervisors approving the assessment roll on the 8th of March, 1881, had the effect to validate it as an assessment by the assessor. The roll was filed by the assessor with the chancery clerk at the time prescribed by law, and had remained in his office. The board of supervisors met on the 11th of August, 1879, and acted upon it, but its action was void because the meeting was unauthorized by law, it being in pursuance of an adjournment. No objection in writing was filed to the assessment. On the 7th of March, 1881, the tax collector, proceeding under § 513 of the code, certified the assessment roll made by the assessor in 1879 as an assessment made by the collector of lands left unassessed by the assessor, and the board of supervisors received and approved it. Without deciding upon the validity of the action of the collector, we hold that it had the effect to present to the board of supervisors the assessment roll made by the assessor,

filed in the proper office, at the proper time, not objected to by specific objections in writing during the ample time elapsed, and, as it was approved by the board, it was thenceforth a valid assessment.

*Affirmed.*